### MILLER v. VALUABLE RAINCOAT CO.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

SALES (§ 441*)—REMEDIES OF BUYER—COUNTERCLAIM FOR DEFECTS—FINDINGS.

Where the defendant, in an action for cloth sold and delivered, introduced testimony by himself and two other witnesses that part of the cloth was defective, and that plaintiff agreed to take the coats made out of that cloth and allow the defendant a certain amount for them, which evidence was not disputed by the plaintiff in any way, a judgment for the plaintiff for the amount claimed by him, disregarding the counterclaim, is against the weight of the evidence, there being no inherent improbability in the testimony, and must be set aside.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1277–1283; Dec. Dig. § 441.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec.. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Bernard L. Miller against the Valuable Raincoat Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

David Sternlicht, of New York City, for appellant.

Albert & Albert, of New York City (Samuel J. Albert, of New York City, of counsel), for respondent.

PER CURIAM. This action was brought for goods sold and delivered. At the opening of the trial it was conceded by the parties that the goods sold to the defendant were of the value of $211.04, and that defendant was entitled to credit of at least $85.33; hence the plaintiff claimed there was due him $125.71, for which he had judgment.

The defendant set up a counterclaim for "goods sold and delivered" to plaintiff, amounting to $90. The proof offered by the defendant upon this counterclaim was not contradicted by the plaintiff, and consisted of testimony given by defendant's president, corroborated by two of his employés, which was to the effect that a portion of the goods delivered to defendant, for the purpose of being made into raincoats, was defective, in that they "were shaded"; that such goods had been made into coats before the condition of the cloth had been discovered, at an expense to the defendant of $3 per coat; and that plaintiff agreed to take the coats and allow the defendant the sum of $3 per coat. It was also shown without dispute that the coats were returned to plaintiff by defendant, and that he had retained them. This testimony, although undisputed by plaintiff, was entirely disregarded by the trial justice.

While these facts did not establish a sale and delivery of goods to the plaintiff, nevertheless they formed the basis for the counterclaim; and it being, as before stated, wholly undisputed, and there being nothing inherently improbable in the transaction, the court below should have put plaintiff to his proof regarding this transaction. The decision of the trial justice, adverse to the counterclaim, was a finding against the evidence, and requires a new trial. It is unnecessary to consider the other questions raised by the defendant upon this appeal.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.